# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES WHITIKER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES, )<br>)<br>Respondent. ) | No. 4:12CV01467 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant James Whitiker's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1). The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

On December 7, 2011, Whitiker pled guilty to counts 1, 3, 4, and 5 of a six-count indictment. (Plea Agreement, Case No. 11-cr-352, ECF No. 136, at 2-3). Count 1 charged conspiracy to commit the crimes of access device fraud, bank fraud, and social security fraud ("conspiracy to defraud"). *Id.* at 2. Counts 3 and 5 were separate charges for possession or use of another person's identification in relation to the felony offenses of bank fraud and access device fraud ("aggravated identity theft"). *Id.* at 3. Count 4 charged intentional defrauding of several banks with assets insured by the United States government ("bank fraud"). *Id.* Whitiker was sentenced to a total term of imprisonment of 153 months. (Judgment, Case No. 11-cr-352, ECF No. 270, at 3). This sentence consisted of 60 months for Count 1, 105 months for Count 4, and 24 months for each of Counts 3 and 5. *Id.* The terms for Counts 1 and 4 were ordered to run

1

concurrently. *Id.* The term for Count 3 was to run consecutively to the terms for Counts 1 and 4. *Id.* The term for Count 5 was to run consecutively to the terms for Counts 1, 3, and 4. *Id.*

Whitiker timely filed this Motion on August 16, 2012 pursuant to 28 U.S.C. § 2255. (ECF No. 1). In his Motion, Whitiker seeks to have his sentence reduced based on claims for ineffective assistance of counsel.

## § 2255 STANDARD

Under § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). A reviewing court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255(b)).

## DISCUSSION

Whitiker raises four grounds for relief: (1) that his "counsel was ineffective for failure to properly object to the incorrect calculation of [Whitiker's] Criminal History" in the Presentence Investigation Report ("PSR"); (2) that his counsel was ineffective for failing to object to the addition of two offense levels "for trafficking of an unauthorized access device when the enhancement of Aggravated Identity Theft was to be applied[;]" (3) that his "counsel was ineffective for failing to object to the imposition of consecutive sentences for the enhancement for Aggravated Identity Theft[;]" and (4) that his "counsel was ineffective for failing to properly

argue that [Whitiker] was responsible for more than 10 victims but less than 50 victims." (Motion Supplement, ECF No. 1-1, at 4-5).

The Government concedes that Whitiker is entitled to relief on Ground 2 of his Motion. (Government Response, ECF No. 5, at 10-11). In Ground 2, Whitiker contends his counsel was ineffective for failing to notice that a two-level enhancement for trafficking of an unauthorized access device was improperly added to the base offense level for Counts 1 and 4. (Motion Supplement at 13-14). The Government agrees that, under *United States v. Lyons*, 556 F.3d 703 (8th Cir. 2009), this two-level enhancement was improper. (Government Response at 10-11). Without the two-level enhancement, the guideline range for Counts 1 and 4 would have been 70-87 months instead of the 84-105 month range on which the Court based Whitiker's sentence. The Government therefore requests, as does Whitiker, that the Court vacate the original sentence and re-sentence Whitiker based on the appropriate guideline range. The Court agrees that this is an appropriate course of action, and an order will be entered granting the parties' request. The rest of Whitiker's grounds for relief, however, are in dispute, and it is necessary to determine whether any presents a basis for further reduction of his sentence.

*A. Ground 1*

In Ground 1, Whitiker claims his counsel was ineffective for failing to raise two objections to the Criminal History level calculated in the PSR. (Motion Supplement at 7-13). The first objection Whitiker contends his counsel should have raised relates to three points that were added for each of the convictions listed in paragraphs 60 and 63 of the PSR even though Whitiker was only 16 years old at the time of those convictions.[1] *Id.* 8. Whitiker contends that, in accordance with United States Sentencing Guideline ("U.S.S.G.") § 4A1.2(d), neither of these

---

[1] The Supplement to Whitiker's Motion actually lists the offenses in paragraph 61 and 63 as the offenses improperly included in his Criminal History. (Motion Supplement at 8). This appears to be a mistake, as no points were added for the incident listed in paragraph 61.

3

offenses should have been included, resulting in the erroneous addition of six points to his Criminal History. *Id.* at 8-10. The second missed objection relates to three points Whitiker received for each of the offenses listed in paragraphs 62 and 64 even though he was sentenced for those offenses on the same day and there was no intervening arrest. *Id.* at 10. Whitiker contends that, pursuant to U.S.S.G. § 4A1.2(a)(2), those offenses should have counted as a single offense and therefore added only three points to his Criminal History instead of six. *Id.* at 11. Whitiker maintains that both of these missed objections prejudiced him because they resulted in a higher sentence than he otherwise would have received.

In order to prevail on an ineffective assistance of counsel claim, a claimant must show that his attorney's performance was "deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate counsel's deficiency, the claimant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To demonstrate prejudice, the claimant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court has held that an increased sentence resulting from an error in the application of the Sentencing Guidelines satisfies *Strickland*'s prejudice prong. *Glover v. United States*, 531 U.S. 198 (2001). Thus, Whitiker will be entitled to relief if he can show that his attorney's deficient performance caused a misapplication of the Sentencing Guidelines.

There are two problems with the contentions Whitiker presents in Ground 1. The first is that Whitiker's counsel actually did object to the addition of the six Criminal History points in paragraphs 60 and 63. Counsel objected first by filing a motion prior to the issuance of the final PSR. (Objections to PSR, Case No. 11-cr-352, ECF No. 185 ("The Presentence Report

4

incorrectly states that James Whitiker was convicted as an adult in each of these matters.")). She objected again at a hearing prior to sentencing, during which the issue was discussed in detail. (Pre-Sentence Hearing Tr., Case No. 11-cr-352, ECF No. 309, at 5-9). Thus, Whitiker's claim of deficiency in relation to his attorney's failure to object to the addition of those six points must fail.

The second problem with Whitiker's contentions is that both of the purportedly missing objections underlying his ineffective assistance claim are without merit. Under U.S.S.G. §§ 4A1.1(a) and 4A1.2(d), three criminal history points must be added for any prior adult conviction that resulted in "a sentence of imprisonment exceeding one year and one month[,]" regardless of whether the defendant was under 18 at the time of the conviction. The determination of whether a particular adjudication is "an adult conviction 'is a function of many variables, no single one of which is dispositive.'" *United States v. Conca*, 635 F.3d 55, 65 (2d Cir. 2011) (quoting *United States v. Jackson*, 504 F.3d 250, 253 (2d Cir. 2007)). The offenses listed in paragraphs 60 and 63 are Delivery of Cocaine and Grand Theft Auto, both of which were classified by the Florida courts as criminal felonies. (PSR at 16-17). Whitiker was convicted in Florida as a "youthful offender" for both offenses, *id.*, which can in some circumstances be considered an adult conviction. *See Reigosa v. United States*, 2011 WL 346076, at *6-*7 (S.D. Fl. Jan. 4, 2011). He was sentenced for those offenses to concurrent two-year terms in the Florida Department of Corrections, followed by four years' probation. *Id.* There is therefore a sufficient basis on which to conclude that Whitiker was convicted as an adult for the offenses in paragraphs 60 and 63. Thus, even if his counsel had failed to raise this objection, that failure would have had no impact on the application of the sentencing guidelines.

The second objection, that the burglary offenses in paragraphs 62 and 64 should have been counted as a single offense and therefore added only three points, is similarly meritless. Whitiker correctly notes that under U.S.S.G. § 4A1.2(a)(2), prior sentences should be counted together if there is no intervening arrest and the sentences were imposed on the same day. (Motion Supplement at 10). He contends this is the case here—that he was sentenced for both burglaries on March 30, 2001 and that there was no intervening arrest between the two burglaries.

Whitiker's contention directly contradicts the record. According to the PSR, which relied on Florida court records for its information, Whitiker was arrested for the burglary listed in paragraph 62 on November 5, 1997. (PSR at 17). He was then arrested for the burglary listed in paragraph 64 on August 10, 1999. *Id.* at 18. Whitiker was sentenced for both burglaries, as he notes correctly, on March 30, 2001. *Id.* In other words, Whitiker committed and was arrested for the second burglary after he was arrested for the first burglary. U.S.S.G. § 4A1.2(a)(2) therefore requires that those offense be counted separately. *Id.* ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."). Whitiker offers nothing but unsupported assertions to counter the information in the PSR. The Court can therefore conclude from the submissions that any objection to the separate counting of paragraphs 62 and 64 would have been meritless. *See Sanders v. United States*, 341 F.3d 720, 722 ("A § 2255 motion 'can be dismissed without a hearing if . . . the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" (quoting *Engelen v. United States*, 68 F.3d 238, 241

(8th Cir. 1995))). Thus, Whitiker cannot show deficient performance or prejudice based on this contention, and Ground 1 provides no basis for a sentence reduction.

    B. *Ground 3*

Whitiker contends in Ground 3 that he received ineffective assistance of counsel because his attorney failed to contend that the separate sentences for the two counts of aggravated identity theft should have been ordered to run concurrently instead of consecutively. (Motion Supplement at 16). In support of his contention, Whitiker cites 18 U.S.C. § 1028A(b)(4), under which "a term of imprisonment imposed on a person for a violation of this section may, in the discretion of the court, run concurrently . . . only with another term of imprisonment that is imposed by the court at the same time on that person for an additional violation of this section . . . ." Whitiker points out that the PSR, which the Court adopted without change, states that "The term of imprisonment for Count 3 must be imposed consecutively to any other counts. The term of imprisonment for Count 5 must be imposed consecutively to any other counts." (Motion Supplement at 17 (quoting PSR at 24 ¶ 95)). Thus, the PSR did not acknowledge the Court's discretion to run the sentences for Counts 3 and 5 concurrently with each other. That Whitiker's counsel failed to notice this language was, according to Whitiker, a constitutional deficiency. (Motion Supplement at 18).

There is some merit to Whitiker's contention. Section 1028A(b)(2) requires all terms of imprisonment for aggravated identity theft to run consecutively to all other terms of imprisonment. Section 1028A(b)(4), as Whitiker notes, creates an exception to this general rule and allows district courts to determine whether terms of imprisonment imposed for separate counts of aggravated identity theft should run concurrently with each other. The Eighth Circuit has held that a district court "must adequately explain its decision to impose consecutive

7

sentences" for separate violations of § 1028A by analyzing "the factors described in application note 2(B) of U.S.S.G. § 5G1.2 . . . ." *United States v. Lee*, 502 F.3d 780, 781 (8th Cir. 2007); *see also United States v. Dvorak*, 617 F.3d 1017, 1027-29 (8th Cir. 2010).

No such explanation occurred in the sentencing here. The PSR, as noted above, stated that the terms of imprisonment for aggravated identity theft must run consecutively to all other terms, including to each other. It made no mention of the Court's discretion to order Counts 3 and 5 to run concurrently. At Whitiker's sentencing hearing, the Court essentially adopted this language when it stated that the terms of imprisonment for Counts 3 and 5 must run consecutively to each other. (Sentencing Tr., Case No. 11-cr-352, ECF No. 326, at 19). Had Whitiker's counsel raised the objection Whitiker presents, the Court would at least have expressly analyzed the factors relevant to the exercise of discretion under § 1028A(b)(4), as required by Eighth Circuit precedent. Thus, while the outcome may have been appropriate, the Court will, at Whitiker's re-sentencing, consider the relevant factors to determine whether the terms of imprisonment for Counts 3 and 5 should run consecutively to each other.

C. Ground 4

Whitiker presents a narrow argument in Ground 4. Whitiker's counsel objected at sentencing to a four-level increase under U.S.S.G. § 2B1.1(b)(2)(B) based on the fact that Whitker's offenses involved 50 or more victims. (2d Obj. to PSR, Case No. 11-cr-352, ECF No. 258). Whitiker's counsel contended that "the offenses involved more than 10 but less than 50 victims" and that only a two-level increase was therefore appropriate. (2d Obj. to PSR at 1). Whitiker now contends that his counsel was deficient for making this objection inadequately. Specifically, Whitiker suggests that, to be constitutionally effective, his counsel should have relied on *United States v. Icaza*, 492 F.3d 967 (8th Cir. 2007).

In *Icaza*, two defendants "traveled across the United States shoplifting over-the-counter medicines and other items from a multitude of retail stores." *Icaza*, 492 F.3d at 968. Included in the list of victims were 407 Walgreens stores. *Id.* at 968-69. The district court counted each store as a separate victim and "applied a 6-level enhancement under § 2B1.1(b)(2) because the offense involved 250 or more victims." *Id.* at 969. The Eighth Circuit found that the district court should not have counted each store as a separate victim. *Id.* Instead, the Walgreens corporation should have been counted as a single victim because "only the Walgreens corporation sustained an actual loss." *Id.* Whitiker contends that *Icaza* is controlling here because seven of the individual banking institutions counted as separate victims were "insured by the Federal Deposit Insurance Corporation[, and] the FDIC would ultimately cover any losses attributed to" Whitiker's actions. (Motion Supplement at 20-21). Thus, according to Whitiker, these banking institutions should only have counted as one victim, the number of victims was therefore less than 50, and Whitiker's counsel performed deficiently for failure to make this argument.

Whitiker's contention must fail because it is not clear that *Icaza* applies to these facts. If it is true that the FDIC would ultimately have covered the banks for all of the losses they suffered, the point would be arguable. *See id.* at 969-70; *United States v. Kennedy*, 554 F.3d 415 (3d Cir. 2009); *United States v. Conner*, 537 F.3d 480 (5th Cir. 2008). But Whitiker's attorney was not constitutionally deficient for failing to make the connection between the facts in *Icaza* and the quite different facts here. Thus, whatever the merits of Whitiker's argument that *Icaza* requires a lower number of victims, the claim that his counsel was ineffective for failing to raise the argument must fail.

Accordingly,

**IT IS HEREBY ORDERED** that James Whitiker's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 1), is **GRANTED IN PART**, and Whitiker's sentence is **VACATED**. A re-sentencing hearing will be held on June 1, 2015 to adjust Whitker's sentence in accordance with the discussions of Grounds 2 and 3. Grounds 1 and 4, for the reasons discussed above, are **DISMISSED**.

Dated this 27th Day of April, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE